UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.

TAMMY MERCER,

      Plaintiff,

v.

WAL-MART STORES,

      Defendant.
_____/

## COMPLAINT
## NATURE OF ACTION

Plaintiff, **TAMMY MERCER** (hereinafter referred to as "Plaintiff" or "Ms. Mercer"), by and through her undersigned attorney, **sue** Defendant WAL-MART STORES (hereinafter referred to as "Defendant") for damages in *excess* of $ 75, 000 for violations of her civil rights occurring during her employment relationship with Defendant.

Plaintiff sues Defendant under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII"), the Civil Rights Act of 1871, as amended, the Florida Civil Rights Act of 1992, Section 760.01 *et seq.*, Florida Statutes ("FCRA").

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337 and 1343. This action arises under 42 U.S.C. Sections 2000e *et seq*.

2. This Court has supplemental jurisdiction over Plaintiff State law claims pursuant to 28 U.S.C. Section 1367. This Court has original jurisdiction over Plaintiff's claims that arise under federal law and supplemental / pendent jurisdiction over her related state law claim(s).

3. Plaintiff has exhausted her administrative remedies. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") based upon Gender Claims and Retaliation. Plaintiff initiated this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue on filed charges. All conditions precedent to institution of this action by Plaintiff has been fulfilled.

4. Pursuant to 28 U.S.C. Section 1391, venue of this action is proper in the Northern District of Florida. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because the Defendant municipality is located within this District, because the Defendant employs Plaintiff, because Defendant made adverse employment decisions in this District.

## PARTIES

5. At all times material hereto, Defendant is within Baker County, Florida, and it is sui juris. At all times material hereto, Defendant continuously has been an employer engaged in an industry effecting commerce within the meaning of Title VII and the Florida Civil Rights Act. *See* 42 U.S.C. Section 2003 *et seq.*, and Section 760.02(7), Florida Statutes.

## FACTUAL ALLEGATIONS

6. At all times material hereto, Plaintiff was employed by Defendant.

7. Plaintiff Gender is Female.

8. Plaintiff has worked with the Defendant since 10-3-2016.

9. Plaintiff held the position of Shipping Manager at the time of her incidents alleged and Retaliation.

10. Plaintiff was giving a Step 3 by Justin Kelly for doing the same thing Larry Gaines did the week prior (witness Larry's and reported it seen on camera Linda Wilson, Stephanie Gamble). Other comparators who were Male were not treated the same as the Plaintiff, and given less disciplinary actions.

11. The Plaintiff because of her gender was not treated the same as her co-workers that were male in terms of her work job duties.

12. The elements of a prima facie discrimination case are:

a. The Plaintiff is in a protected class (based gender) .

b.   The Plaintiff was treated differently than her Male comparators, as a result of her gender .

c.   The Male comparators received preferential treatment with regards to Job duties and write-ups.

13.   As a result of Plaintiff's complaints to the Human Resource Department, a Ms. Christie Goldstein, through both email and in person, the Plaintiff was subjected to further retaliation, including suspension.

14.   All of the facts in above paragraphs were violative of the Federal and State statues.

15.   The Plaintiff is responsible for reasonable attorney fees..

## COUNT I

## DEFENDANTS HAVE VIOLATED TITLE VII
## (DISPARATE TREATMENT -GENDER)

16.   Plaintiff adopts and realigns paragraphs 1-15 above as if incorporated herein.

17.   Plaintiff is a member of a protected class because of status, Female.

18.   The Defendant is an employer that employs over 50 people, and is subject to 42 U.S.C. Section 2000e et seq.

19.   The Defendant has intentionally discriminated against the Plaintiff in particular in violation of Title VII, 42 U.S.C. Section 2000e et seq. by

Creating and fostering a hostile work environment of Plaintiff.

20. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as an employee.

21. The unlawful employment practices complained of were intentional.

22. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

23. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, Punitive damages, lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT II

### DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

24. Plaintiff adopts and realigns paragraphs 15 above as if incorporated

herein.

25. Defendant discriminated against Plaintiff because of

26. The actions by the Defendant were intentional.

27. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as employee.

28. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's freedom from discrimination within the State of Florida.

29. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory, Punitive damages lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT III

## PLAINTIFF'S CLAIM OF RETALIATION IN VIOLATION OF TITLE VII

30. Plaintiff adopts and realigns paragraphs <u>1-15</u> above as if incorporated herein.

31. That the Defendant retaliated against the Plaintiff as described above paragraphs.

32. Defendant's adverse action against Plaintiff was in violation of Title VII provisions.

33. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory, Punitive damages lost back pay, and/or front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

Respectfully submitted,

Discrimination Law Center, P.A.

*Attorneys for Plaintiff*
2255 Glades Road
Suite 324A
Boca Raton, Florida 33431
(561) 271-1769 tel.

By:   *s/*Jay F. Romano
          Jay F. Romano
          Trial Attorney
          Florida Bar No.: 0934097

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy has been forwarded this 10th day of August 2018, by CM/ECF  TO DEFENDANT ATTYS.

s/Jay F. Romano
Jay F. Romano