UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TAMMY MERCER,

    Plaintiff,

v.

WAL-MART STORES,

    Defendants.

CASE NO.: 1:18-cv-00145-MW-GRJ

## DEFENDANT'S ANSWER AND DEFENSES

COMES NOW Defendant Walmart Stores East, LP[1], by and through its undersigned attorneys, pursuant to Rules 8(c) and 12 of the Federal Rules of Civil Procedure, and hereby files its Answer and Affirmative Defenses to the Complaint in the above-captioned action as follows:

With respect to the paragraph preceding Paragraph 1 of the Complaint, Defendant admits that Plaintiff has brought this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.*, and the Florida Civil Rights Act, Chapter 760, Florida Statutes, and that Plaintiff is seeking damages in excess of $75,000 for alleged violations of said statutes, but Defendant denies that Plaintiff is entitled to any economic or other relief whatsoever based upon the allegations set forth within the Complaint.

---

[1] There is no legal entity "Wal-Mart Stores"; the correct Defendant in this matter is Walmart Stores East, LP.

## JURISDICTION AND VENUE

1. With respect to Paragraph 1 of the Complaint, Defendant admits that this Court has jurisdiction over this action, but denies that Plaintiff is entitled to any economic or other relief whatsoever based upon the allegations set forth within the Complaint.

2. With respect to Paragraph 2 of the Complaint, Defendant admits that this Court has jurisdiction over both the State and Federal law claims in this action, but denies that Plaintiff is entitled to any economic or other relief whatsoever based upon the allegations set forth within the Complaint.

3. Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

4. With respect to Paragraph 4 of the Complaint, Defendant admits that venue in this district is proper, but denies that any unlawful employment practices occurred and that Plaintiff is entitled to any economic or other relief whatsoever based upon the allegations set forth within the Complaint.

## PARTIES

5. With respect to Paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations regarding Plaintiff's residence, and accordingly denies same. Defendant admits that it is an employer as defined by Title VII and the FCRA, but

Defendant denies the remaining allegations set forth in Paragraph 5 of the Complaint.

## RESPONSE TO ALLEGED FACTUAL ALLEGATIONS

6. With respect to Paragraph 6 of the Complaint, Defendant admits that Plaintiff was employed at Distribution Center 7035 from October 4, 2016 until June 1, 2018.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8. With respect to Paragraph 8 of the Complaint, Defendant asserts that Plaintiff's actual start date was October 4, 2016, not October 3, 2016.

9. With respect to Paragraph 6 of the Complaint, Defendant was employed as an Area Manager from October 4, 2016 until June 1, 2018. Defendant denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant is without knowledge regarding the allegations set forth in Paragraph 15 of the Complaint and accordingly same.

### RESPONSE TO COUNT I
### ALLEGED VIOLATION OF TITLE VII
### DISPARATE TREATMENT – GENDER

16. With respect to Paragraph 16 of the Complaint, which re-alleges the allegations of Paragraphs 1-15 for purposes of Count I of the Complaint, Defendant re-alleges and incorporates herein its responses to Paragraphs 1 through 15 of the Complaint as set forth above.

17. Defendant admits the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant admits the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint, and further denies that Plaintiff is entitled to any of the relief alleged in the Wherefore paragraph following Paragraph 23 of the Complaint.

## RESPONSE TO COUNT II
## ALLEGED VIOLATION OF THE FCRA

24. With respect to Paragraph 24 of the Complaint, which re-alleges the allegations of Paragraphs 1-15 for purposes of Count II of the Complaint, Defendant re-alleges and incorporates herein its responses to Paragraphs 1 through 15 of the Complaint as set forth above.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint, and further denies that Plaintiff is entitled to any of the relief alleged in the Wherefore paragraph following Paragraph 29 of the Complaint.

### RESPONSE TO COUNT III
### ALLEGED RETALIATION IN VIOLATION OF TITLE VII

30. With respect to Paragraph 30 of the Complaint, which re-alleges the allegations of Paragraphs 1-15 for purposes of Count III of the Complaint, Defendant re-alleges and incorporates herein its responses to Paragraphs 1 through 15 of the Complaint as set forth above.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint, and further denies that Plaintiff is entitled to any of the relief alleged in the Wherefore paragraph following Paragraph 33 of the Complaint.

34. Defendant denies any allegations of the Complaint not specifically admitted herein, and demands strict proof thereof.

## DEFENSES

In further answer to Plaintiff's Complaint, Defendant asserts the following defenses:

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Defendant's decisions concerning Plaintiff's employment and her cessation from employment were based upon legitimate business reasons completely unrelated to her gender or any protected activity pursuant to Title VII or the FCRA.

### Third Defense

Even assuming that Defendant's actions concerning Plaintiff's employment and her cessation from employment were partially influenced by some unlawful motive, though they were not, Defendant nonetheless would have taken the same employment action with respect to Plaintiff even in the absence of such unlawful motive.

### Fourth Defense

Plaintiff has failed to meet her duty of properly mitigating any damages that she may have suffered (her entitlement to which is expressly denied); alternatively, any claim for relief must also be set off and/or reduced by wages, compensation, pay, commissions, benefits and all other earnings and remuneration, profits, and

benefits, regardless of the form, received by Plaintiff or which were earnable or receivable with reasonable diligence.

### Fifth Defense

Defendant, at all times material herein, has made a good faith effort through its adoption of anti-discrimination policies, and education of its personnel, to comply with the employment discrimination laws.

### Sixth Defense

All claims in the Complaint which were required to be and were not the subject of a timely charge filed with the United States Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR") or other federal, state, or local fair employment practice agency, or any other applicable limitations period, are barred.

### Seventh Defense

Defendant is entitled to an award of its attorney's fees and costs associated with the defense of this action in accordance with the Supreme Court's ruling in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412 (1978).

### Eighth Defense

Assuming, *arguendo*, any unlawful acts occurred, though they did not, any claim for punitive damages is barred because any discriminatory or unlawful acts were committed by individuals who were not acting in a managerial capacity.

### Ninth Defense

Assuming, *arguendo*, any unlawful acts occurred, though they did not, Defendant is not liable for punitive damages, if any, because any unlawful employment decisions were contrary to its good faith efforts to comply with the anti-discrimination statutes.

### Tenth Defense

Assuming, *arguendo*, any unlawful acts occurred, though they did not, any claim for punitive damages is barred because Defendant did not authorize or ratify any alleged discriminatory acts and was not reckless in hiring the employees who committed the allegedly discriminatory or retaliatory acts.

### Eleventh Defense

Plaintiff's claims are barred by the appropriate statute of limitations.

### Twelfth Defense

Although Defendant submits that Plaintiff is not entitled to any award of punitive damages, the total amount of punitive damages under the FCRA may not exceed $100,000.00.

### Thirteenth Defense

Although Defendant submits that Plaintiff is not entitled to any award or compensatory or punitive damages, the total amount of compensatory and punitive damages combined under Title VII may not exceed $300,000.

WHEREFORE, for the foregoing reasons, Defendant Walmart Stores East, LP respectfully prays that the Complaint in this action, being utterly without merit, be dismissed in its entirety, and that an award of attorney's fees and costs be assessed against Plaintiff.

Respectfully submitted,

FORD**HARRISON**LLP

 /s/ Amy R. Turci
Amy R. Turci
Florida Bar No. 0349630
aturci@fordharrison.com
smcquaide@fordharrison.com
eservicejax@fordharrison.com
225 Water Street, Suite 710
Jacksonville, FL  32202
T (904) 357-2000 | F (904) 357-2001

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 17, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will automatically send a copy to:

> Jay F. Romano
> DISCRIMINATION LAW CENTER, P.A.
> 2255 Glades Road, Suite 324A
> Boca Raton, Florida 33431
> jromanopa@yahoo.com

        s/ Amy R. Turci
           Attorney

WSACTIVELLP:9224361.1